**SKLAR KIRSH LLP**
LOVEE DEVELA SARENAS (SBN 204361)
lsarenas@sklarkirsh.com
1880 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 845-6416
Fascimile: (310) 929-4469

Counsel to Chapter 7 Trustee Robbin L. Itkin

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re:<br>BIKRAM'S YOGA COLLEGE OF INDIA, L.P.,<br>          Debtor. | Lead Case No. 9:17-bk-12045-DS<br><br>Jointly Administered With:<br>9:17-bk-12046-DS<br>9:17-bk-12047-DS<br>9:17-bk-12048-DS<br>9:17-bk-12049-DS |
| In re:<br>BIKRAM CHOUDHURY YOGA, INC.,<br>          Debtor. | |
| In re:<br>BIKRAM, INC.,<br>          Debtor. | Chapter 7 Cases |
| In re:<br>YUZ, INC.,<br>          Debtor. | Adversary Case No. 9:19-ap-01075-DS |
| In re:<br>INTERNATIONAL TRADING<br>REPRESENTATIVE, LLC,<br>          Debtor. | **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST BIKRAM CHOUDHURY UNDER LOCAL BANKRUPTCY RULE 7055-1** |
| ROBBIN L. ITKIN, solely in her capacity as the trustee for the bankruptcy estates of Bikram's Yoga College of India, L.P., Bikram Choudhury Yoga, Inc., Bikram, Inc., Yuz, Inc., and International Trading Representative, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>BIKRAM CHOUDHURY,<br>          Defendant. | |

Sklar Kirsh, LLP
Attorneys at Law

4875-9579-7000

# **TABLE OF CONTENTS**

**Page**

I.   GENERAL AVERMENTS OF THE COMPLAINT ................................................................1

    A.   Parties ........................................................................................................................1

    B.   The Debtors' Bankruptcy Cases and this Adversary Proceeding ...............................2

    C.   The Debtors' Prepetition Business .............................................................................2

    D.   Lawsuits and Judgments Cause the Defendant to Flee the U.S. .................................3

    E.   The Defendant Misappropriated the Debtors' Revenues.............................................4

    F.   The Debtors' Prepetition Teacher Training Was and Is the Only Significant
       Source of the Debtors' Revenues ...............................................................................4

II.   CLAIMS FOR RELIEF .......................................................................................................5

    A.   Willful Violations of the Stay ...................................................................................5

        1.   FIRST CLAIM FOR RELIEF:  Violation of the Automatic Stay -
            Postpetition Teacher Training (11 U.S.C. § 362)................................................6

        2.   FIFTH CLAIM FOR RELIEF:  Violation of the Automatic Stay –
            Intellectual Property (11 U.S.C. § 362) .............................................................7

    B.   Avoidance of Postpetition Transfers Under 11 U.S.C. § 549........................................8

        1.   SECOND CLAIM FOR RELIEF:  Avoidance of Postpetition Transfers
            - Postpetition Teacher Training Transfers (11 U.S.C. § 549) ...........................8

        2.   THIRTEENTH CLAIM FOR RELIEF:  Avoidance of Postpetition
            Transfers - Postpetition Car Collection Transfers (11 U.S.C. § 549)...............9

        3.   TWENTIETH CLAIM FOR RELIEF:  Avoidance of Postpetition
            Transfers - Postpetition Insurance Payment Transfers (11 U.S.C. § 549)........10

        4.   TWENTY-FOURTH CLAIM FOR RELIEF:  Avoidance of
            Postpetition Transfer – Postpetition Toppington Transfers (11 U.S.C. §
            549)  10

        5.   THIRTY-FIRST CLAIM FOR RELIEF:  Avoidance of Postpetition
            Transfers - Postpetition Rent Transfers (11 U.S.C. § 549) ............................11

        6.   THIRTY-EIGHTH CLAIM FOR RELIEF:  Avoidance of Postpetition
            Transfers - Postpetition Luxury Transfers (11 U.S.C. § 549)........................12

        7.   FORTY-SECOND CLAIM FOR RELIEF:  Avoidance of Postpetition
            Transfers - Postpetition Hotel Transfers (11 U.S.C. § 549)...........................12

        8.   FORTY-SIXTH CLAIM FOR RELIEF:  Avoidance of Postpetition
            Transfers - Postpetition Nightlife Transfers (11 U.S.C. § 549) .....................12

9.    FIFTIETH CLAIM FOR RELIEF:  Avoidance of Postpetition
Transfers - Postpetition Phone Transfers (11 U.S.C. § 549)..........................13

10.    FIFTY-FOURTH CLAIM FOR RELIEF:  Avoidance of Postpetition
Transfers - Postpetition Mendez Transfers (11 U.S.C. § 549)........................13

11.    SIXTY-SIXTH CLAIM FOR RELIEF:  Avoidance of Postpetition
Transfers - Postpetition Jadoo Transfers (11 U.S.C. § 549) .........................13

C.    Avoidance of Constructive Fraudulent Transfers ........................................14

1.    SIXTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent
Transfer - Check Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. Code §§
3439.04, 3439.05)...................................................................................16

2.    SEVENTH CLAIM FOR RELIEF:  Avoidance of Constructive
Fraudulent Transfer - Cash Transfers (11 U.S.C. §§ 544, 548; Cal. Civ.
C. §§ 3439.04, 3439.05) ...................................................................16

3.    TWELFTH CLAIM FOR RELIEF:  Avoidance of Constructive
Fraudulent Transfer - Prepetition Car Collection Transfers (11 U.S.C.
§§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)..........................................17

4.    NINETEENTH CLAIM FOR RELIEF:  Avoidance of Constructive
Fraudulent Transfer - Prepetition Insurance Payment Transfers (11
U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ...................................17

5.    TWENTY-THIRD CLAIM FOR RELIEF:  Avoidance of Constructive
Fraudulent Transfer - Prepetition Toppington Transfers (11 U.S.C. §§
544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ....................................................18

6.    TWENTY-SEVENTH CLAIM FOR RELIEF:  Avoidance of
Constructive Fraudulent Transfer - Condo Transfers (11 U.S.C. §§ 544,
548; Cal. Civ. C. §§ 3439.04, 3439.05)....................................................19

7.    THIRTIETH CLAIM FOR RELIEF:  Avoidance of Constructive
Fraudulent Transfer – Prepetition Rent Transfers (11 U.S.C. §§ 544,
548; Cal. Civ. C. §§ 3439.04, 3439.05)....................................................19

8.    THIRTY-FOURTH CLAIM FOR RELIEF:  Avoidance of
Constructive Fraudulent Transfer – Tuition Transfers (11 U.S.C. §§
544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ....................................................20

9.    THIRTY-SEVENTH CLAIM FOR RELIEF: Avoidance of
Constructive Fraudulent Transfer - Prepetition Luxury Transfers (11
U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ...............................20

10.    FORTY-FIRST CLAIM FOR RELIEF:  Avoidance of Constructive
Fraudulent Transfer - Prepetition Hotel Transfers (11 U.S.C. §§ 544,
548; Cal. Civ. C. §§ 3439.04, 3439.05) ....................................................21

11.    FORTY-FIFTH CLAIM FOR RELIEF:  Avoidance of Constructive
Fraudulent Transfer - Prepetition Nightlife Transfers (11 U.S.C. §§
544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ....................................................21

SKLAR KIRSH, LLP
ATTORNEYS AT LAW

4875-9579-7000

ii

12.     FORTY-NINTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Prepetition Phone Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)........................................................22

13.     FIFTY-THIRD CLAIM FOR RELIEF: Avoidance of Constructive Fraudulent Transfer - Prepetition Mendez Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)........................................................22

14.     FIFTY-SEVENTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Prepetition Shigenaga Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ........................................................23

15.     SIXTIETH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Prepetition Shigenaga Rent Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)........................................................23

16.     SIXTY-THIRD CLAIM FOR RELIEF: Avoidance of Constructive Fraudulent Transfer - Prepetition Cocojur and Jadoo Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ........................................................24

17.     SIXTY-NINTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Charitable Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)........................................................24

18.     SEVENTY-SECOND CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Political Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ........................................................25

19.     SEVENTY-FIFTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - C-Link Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ........................................................25

20.     SEVENTY-EIGHTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - BYCOI Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05) ........................................................25

D.     Avoidance of Actual Fraudulent Transfer ........................................................26

1.     SIXTEENTH CLAIM FOR RELIEF:  Avoidance of Intentional Fraudulent Transfer - Debtor Car Transfers (11 U.S.C. § 544, §548; Cal. Civ. C. §§ 3439.04) ........................................................26

E.     Recovery and Preservation of Avoided Transfers........................................................27

F.     Conversion of the Missing Debtor Cars ........................................................29

1.     SEVENTEENTH CLAIM FOR RELIEF:  Conversion – Missing Debtor Cars ........................................................29

G.     Turnover (11 U.S.C. § 542) ........................................................29

1.     EIGHTEENTH CLAIM FOR RELIEF:  Turnover of Estate Property - Missing Cars ........................................................29

H.     Breach of Fiduciary Duties ........................................................30

1

            1.    EIGHTY-FIRST CLAIM FOR RELIEF:  Breach of Fiduciary Duties to
                  Debtors BI, BCYI and BYCOI .......................................................................... 30

    I.      Accounting ...................................................................................................................... 30

            1.    EIGHTY-SECOND CLAIM FOR RELIEF:  Accounting ................................ 30

III.    CONCLUSION ................................................................................................................... 31

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

<u>Page</u>

## CASES

Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.,

    2014 WL 4679001  (C.D. Cal. 2013) ..................................................................... 1

Eitel v. McCool,

    782 F.2d, 1470. (9th Cir. 1986) .......................................................................... 34

In re Acequia, Inc.,

    34 F .3d 800 (9th Cir. 1994)............................................................................... 29

Wellness Int'l Network, Ltd. v. Sharif,

    135 S. Ct. 1932 (2015)........................................................................................ 34

## STATUTES

11 U.S.C. § 105.........................................................................................13, 32

11 U.S.C. § 362 ................................................................................. 13, 14, 32

11 U.S.C. § 362(a)(3) ............................................................................... 12

11 U.S.C. § 502 ....................................................................................... 19

11 U.S.C. § 502(e) .................................................................................. 19

11 U.S.C. § 541(a) .................................................................................. 15

11 U.S.C.  § 542(a)..........................................................................30, 31

11 U.S.C. § 544(b)(1)..........................................19, 20, 21, 22, 23, 24, 25, 26, 27, 28

11 U.S.C. § 548(a) .................................................................... 33, 34, 35

11 U.S.C. § 548(a)(1)(B)(ii)(I) ............................................................... 19

11 U.S.C. § 548(a)(1)(B)(ii)(II) .............................................................. 19

11 U.S.C. § 548(a)(1)(B)(ii)(III) ............................................................ 19

11 U.S.C. § 549 ............................................................................ 14, 15, 16

11 U.S.C. § 550 ...................................................................... 15, 28, 29, 35

11 U.S.C. § 551 ...................................................................... 15, 28, 30, 35

Cal. Civ. Code § 3439.04.......................................................................... 19, 20, 23, 25, 28, 35

Cal. Civ. Code § 3439.04(a)(1) .......................................................................................... 28

Cal. Civ. Code § 3439.04(a)(2) ................................................................................... 19, 21

Cal. Civ.Code § 3439.04(a)(2)(ii)(III) .............................................................................. 19

Cal. Civ. Code § 3439.04(b) .............................................................................................. 28

Cal. Civ. Code § 3439.05........................................................................................ 19, 20, 21

Cal. Civ. Code § 3439.05(a) .............................................................................................. 19

Cal. Civ. Code § 3439.07......................................................................................... 19, 35

Cal. Civ. Code § 3439.07(a)(1) .......................................................................................... 19

Local Bankruptcy Rule 7055-1(b)(4)(B) ........................................................................... 35

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Pursuant to the Court's ruling at the hearing on October 26, 2021, Robbin L. Itkin, in her capacity

2  as chapter 7 trustee ("Plaintiff") for the above-captioned debtors ("Debtors"), submits this Supplemental

3  Brief[1] ("Supplement") in support of the *Plaintiff's Motion For Default Judgment Under Local*

4  *Bankruptcy Rule 7055-1* ("Motion") filed against defendant Bikram Choudhury ("Defendant") on

5  August 10, 2021 [Bankr. Dkt. No. 25].  This Supplement is provided to further demonstrate the facts

6  that support the claims set forth in the Complaint warranting the entry of a default judgment against the

7  Defendant.

8    As more fully discussed in the Motion, once a default has been entered against a defendant, all

9  factual allegations set forth in the complaint are deemed true except those relating to actual damages.

10  *See* Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd., 2014 WL 4679001, at *2 (C.D. Cal. 2013)

11  (*internal citation omitted*) (Once default has been entered against the defendant, all factual allegations

12  in the complaint are deemed admitted by the defaulting party.)   Default was entered against the

13  Defendant on March 13, 2020 [Bankr. Dkt. No. 8].  As such, the factual averments in the Complaint are

14  deemed true for purposes of entering a default judgment on all claims for relief raised in the Complaint

15  in favor of the Plaintiff.  As to those matters which pertain to the events that have transpired in these

16  bankruptcy cases, Plaintiff requests that the Court take judicial notice of such facts.  With these facts

17  taken as true and the legal authorities set forth in the Motion, Plaintiff urges the Court to enter a default

18  judgment against the Defendant.

19    **I.    GENERAL AVERMENTS OF THE COMPLAINT**

20  **A.    Parties**

21    1.    Plaintiff is the trustee for the bankruptcy estates of Bikram's Yoga College of India, L.P.

22  ("BYCOI"), Bikram Choudhury Yoga, Inc. ("BCYI") and Bikram, Inc. ("BI") (together, "Debtors") and

23  filed the Complaint in that capacity [Bankr. Dkt. No. 118].  Complaint, ¶ 11.  On September 28, 2020,

24  the Court converted the above-referenced bankruptcy cases to chapter 7 cases [Bankr. Dkt. No. 441].

25  Plaintiff was thereafter appointed chapter 7 trustee for all cases [Bankr. Dkt. No. 446].

26

27  ───────────────

28  [1] Capitalized terms used in this Supplemental Brief, but not defined herein, shall have the meaning ascribed to them in
the Motion.

2.      The Defendant was the general partner, shareholder, and director of debtor BYCOI; the chief executive officer, president, a member of the board of directors, and the sole shareholder of debtors BCYI and BI. Complaint, ¶ 8. Defendant is a citizen of the United States of America. Id.

**B.      The Debtors' Bankruptcy Cases and this Adversary Proceeding**

3.      On November 9, 2017 ("Petition Date"), the Debtors commenced the above-referenced bankruptcy cases ("Bankruptcy Cases") by filing voluntary chapter 11 petitions. Complaint, ¶ 10. The Bankruptcy Cases are jointly administered under Case No. 9:17-bk-12045-DS [Bankr. Dkt. No. 11]. Id.

4.      On November 8, 2019, the Plaintiff commenced this lawsuit against Defendant by filing the Complaint ("Adversary Proceeding"). This Adversary Proceeding involves the bankruptcy estates of BYCOI, BYCI and BI.

5.      On December 27, 2019, the Clerk of Court issued a *Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]* [Adv. Dkt. No. 3] ("Summons"). The Summons informed the Defendant that (i) the Complaint had been filed against him by the Plaintiff, (ii) if he wished to defend himself against the Complaint and prevent the Court from entering a default judgment against him, then he was required to file with the Court and serve on the Plaintiff by February 26, 2020 ("Response Deadline") a written pleading in response to the Complaint. Id.

6.      On December 30, 2019, Plaintiff's counsel effected service of the Summons and Complaint on the Defendant by (i) United States mail at 3172 Toppington Drive, Beverly Hills, California 90210 ("Toppington House"); and (ii) e-mail at bikram@bikramyoga.com [Adv. Dkt. No. 4].

7.      The Defendant has neither filed an answer or other responsive pleading to the Complaint, nor has he appeared in this Adversary Proceeding.

8.      On March 13, 2020, the Plaintiff filed with the Court a request for the clerk to enter default against the Defendant ("Default Request") [Adv. Dkt. No. 7]. Plaintiff effected service of the Default Request on the Defendant by United States mail at the Toppington House. Id. The Clerk of Court granted the Default Request, entering the default of Defendant on the same day [Adv. Dkt. No. 8].

**C.      The Debtors' Prepetition Business**

9.      The Defendant is the founder of "Bikram Yoga" and its associated businesses. Complaint, ¶ 12. Bikram Yoga classes include twenty-six poses repeated twice over 90 minutes and are conducted

1    in a heated and humidified room.  Id.  All official Bikram Yoga classes are to be taught by "Bikram"-

2    certified teachers, who have completed nine weeks of teacher training.  Id.  Prior to the Petition Date,

3    the Debtors engaged in various businesses centered around Bikram Yoga including classes, teacher

4    training, licensing, and franchising.  Id.

5    **D.**      **Lawsuits and Judgments Cause the Defendant to Flee the U.S.**

6          10.     Since 2013, the Debtors and the Defendant have faced numerous lawsuits resulting from

7    allegations of, among other things, the Defendant's sexual harassment, assault, discrimination,

8    retaliation, maintenance of a hostile work environment, and wrongful termination.  Complaint, ¶ 14.

9    These lawsuits were brought by former employees of the Debtors and Bikram Yoga practitioners.  Id.,

10    ¶ 15.

11          11.     Beginning in 2013, approximately five women brought lawsuits against the Defendant and,

12    in some instances, the Debtors as well, alleging sexual harassment and sexual assault.  Complaint, ¶ 15.

13    While a number of these lawsuits settled, this was not the end of the Defendant's legal troubles.  Id.  In

14    January 2016, Minakshi Jafa-Bodden, the former Head of Legal and International Affairs and Vice

15    President of BYCOI, BCYI, and BI, obtained a judgment against the three Debtors, as well as the

16    Defendant, in the amount of approximately $6.6 million ("Jafa-Bodden Judgment").  Id.

17          12.     Similarly, Petra Starke Smeltzer, the former president and chief executive officer of BYCOI,

18    subsequently obtained a judgment of over $5 million against the Debtors and the Defendant--certain

19    aspects of which were appealed.  Complaint, ¶ 15.

20          13.     As a result of these and other lawsuits, approximately $16 million in judgments are asserted

21    against the Debtors and the Defendant.  Complaint, ¶ 15.  Apparently unwilling or unable to satisfy these

22    judgments, the Defendant fled the United States in 2016, abandoning his companies and leaving the

23    Debtors' businesses in disarray.  Id., ¶ 16.  In an effort to avoid having to satisfy these judgments, the

24    Defendant moved assets of the Debtors around the U.S. in violation of various injunctions, transferred

25    assets to shell entities for little or no consideration, and took other actions to hinder, delay, and defraud

26    creditors.  Id.  The Defendant's unlawful conduct and those of third parties who are under his direction

27    and control continued postpetition.  Id.

28

**E.**      <u>The Defendant Misappropriated the Debtors' Revenues</u>

14.      According to the Debtors' accounting records, prior to the Petition Date, the Defendant used the Debtors' revenues as his own personal piggy bank by directing the Debtors to pay personal expenses, by using corporate credit cards for personal matters, and by making cash withdrawals from the Debtors' accounts for personal expenses. <u>Complaint</u>, ¶ 25. The Defendant either directly paid the expenses of his family from the Debtors' funds or gifted the Debtors' funds to his family for their expenses. <u>Id.</u> For the Defendant and his family, the fact that the Debtors, faced with millions in unpaid judgments, filed for bankruptcy has had virtually no impact on their extravagant lifestyle. <u>Complaint</u>, ¶ 20.

15.      The vast majority of these payments flowed from Union Bank (x6459, x6467, x6440, x0886) and City National Bank (x8884)--BYCOI's bank and credit card accounts utilized by the Defendant and his ex-wife as demonstrated by the Exhibits attached to the Complaint and the Itkin Declaration supporting the Motion.[2] While Defendant controlled all three Debtors, BCYI and BI reported *de minimus* income generated through the years as compared to the income of BYCOI derived from the yoga teaching trainings that were the core of the Debtors' business.[3] *See BCYI and BI's respective Statements of Financial Affairs* [BYCI Dkt. No. 17 and BI Dkt. No. 17]. The revenue generated from these pre- and postpetition teacher training classes and the overwhelming amount of transfers of funds alleged in the Complaint can be traced from BYCOI's operations as demonstrated by checks and payments listed in both the Complaint and the Itkin Declaration as Exhibits 1 through 15.

**F.**      <u>The Debtors' Prepetition Teacher Training Was and Is the Only Significant Source of the Debtors' Revenues</u>

16.      Prior to his fleeing the U.S., teacher training seminars were led by the Defendant and his family, including his son, Anurag Choudhury ("<u>Anurag</u>"), and his daughter, Lajwanti Choudhury ("<u>Laju</u>"). <u>Complaint</u>, ¶ 17. These teacher trainings were the most significant source of revenue for the Debtors, and between January 2008 and October 2016, teacher training seminars comprised 84.2% of

---

[2] The exhibits to the Itkin Declaration are identical to the exhibits attached to the Complaint. Each exhibit is numbered the same way in both documents.

[3] At this time, the Trustee is evaluating the propriety of substantively consolidating the cases considering the intertwined business operations of the Debtors and the benefit to unsecured creditors.

1    Debtor BYCOI's revenues, and generated millions of dollars per year (and as much as $9 million in a

2    single year (2012)).  Id., ¶ 17.  As set forth in the Complaint, the Defendant used the Debtors' revenues

3    to pay for his and his family's extravagant lifestyle, all while leaving judgment and trade creditors

4    unpaid.  Id.

5        17.    The Debtors traditionally offered at least two teacher training seminars every year, one in

6    the Spring and another in the Fall.  Complaint, ¶ 18.  Bikram teacher training seminars rely on the

7    Debtors' intellectual property (as discussed below), operational infrastructure, goodwill, and other estate

8    assets to successfully attract students, and upon completing the seminar, students are "Bikram certified"

9    and able to teach at Bikram Yoga studios.  Id., ¶ 18.  Without the promise of becoming a "Bikram

10   certified" yoga instructor, there would be little reason for a yoga student to attend a teacher training

11   seminar.  Id.  This process—teacher training seminars, certifying, and recertifying students—was the

12   fundamental product offered by the Debtors, and represented the only material source of income for the

13   Debtors.  Id.

14       18.    With respect to the claims asserted against the Defendant, the following uncontroverted facts

15   set forth in the Complaint are deemed true and support the entry of a judgment against the Defendant.

16                **II.    CLAIMS FOR RELIEF**

17   **A.    Willful Violations of the Stay**

18       When the Debtors filed their Bankruptcy Cases on the Petition Date, the automatic stay

19   immediately went into effect.  Complaint, ¶ 54.  The automatic stay prohibits any third party from

20   obtaining possession of, interfering with, or exercising control over property of a debtor's estates.  11

21   U.S.C. § 362(a)(3).  As demonstrated in the Complaint and in the Motion, Defendant's Unauthorized IP

22   Use (defined in the Complaint) together with the unauthorized Postpetition Teacher Trainings (defined

23   below) were indisputably willful, done without the Plaintiff's consent, and done after Plaintiff, on

24   multiple occasions, advised the Defendant, in writing and via live, direct phone conversations, that such

25   use constituted a violation of the automatic stay.  See Morris v. Peralta (In re Peralta), 317 B.R. 381, 389

26   (B.A.P. 9th Cir. 2004) (citation omitted) (The "willfulness test" for an automatic stay violation "requires

27   that: (1) the creditor know of the automatic stay; and (2) the actions that violate the stay be intentional.").

28   Motion, at 16.  As a result, Plaintiff is entitled to recover attorneys' fees and costs incurred arising from

Defendant's willful violations of the automatic stay under Bankruptcy Code § 105 as more fully discussed in the Motion.  <u>Rediger Inv. Corp. v. H Granados Commc'ns, Inc. (In re H Granados Commc'ns, Inc.)</u>, 503 B.R. 726 (B.A.P. 9th Cir. 2013) (corporate debtor may receive damages beyond those provided in § 362(k) for the violation of the automatic stay, and imposing additional sanctions under § 105 for attorneys' fees and costs incurred by the debtor in pursuing damages for a stay violation).

**1.      <u>FIRST CLAIM FOR RELIEF</u>:  Violation of the Automatic Stay -Postpetition Teacher Training (11 U.S.C. § 362)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.   Defendant willfully violated the automatic stay in connection with the revenue from the Postpetition Teacher Trainings under Bankruptcy Code § 362. | <u>Complaint</u>, ¶¶ 53-58. |
| 2.   Defendant was conducting teacher training seminars outside the U.S., without authorization from the Plaintiff, and without turning over to the Debtors' estates any of the revenues to which they are entitled, this despite the Plaintiff having made repeated demands for accountings and turnovers, both directly to the Defendant, and through his former counsel and representatives in the U.S. | <u>Complaint</u>, ¶ 20.<br><br><u>Itkin Declaration</u>, ¶¶ 18 and 22. |
| 3.   Since the Petition Date, the Defendant and his family have unlawfully conducted at least the following unlawful teacher training seminars:<br>• Spring 2018 Teacher Training – held from April 15, 2018 to June 17, 2018 at the Princess Mundo Imperial Hotel in Acapulco, Mexico ("<u>Princess Mundo</u>");<br>• Fall 2018 Teacher Training – held from September 30, 2018 to December 2, 2018 at the Princess Mundo;<br>• Spring 2019 Teacher Training – held from April 29, 2019 to June 30, 2019 at the Sheraton Hacienda del Alamo Golf & Spa Resort in Murcia, Spain; and<br>• Fall 2019 Teacher Training – held from October 6, 2019 to December 8, 2019 (the Spring 2018 Teacher Training, Fall 2018 Teacher Training, Spring 2019 Teacher Training, and Fall 2019 Teacher Training are referred to collectively herein and in the Complaint as the "<u>Postpetition Teacher Trainings</u>"). | <u>Complaint</u>, ¶ 19.<br><br><u>Itkin Declaration</u>, ¶ 18. |
| 4.   The Debtors have received no money from these Postpetition Teacher Trainings. | <u>Complaint</u>, ¶ 19.<br><br><u>Itkin Declaration</u>, ¶ 18. |
| 5.   Defendant continued to exercise control over property of the Debtors in two ways: (1) by continuing to conduct Postpetition Teacher Trainings while the Debtors' bankruptcy cases were pending without the Plaintiff's consent or the Court's order lifting the stay; and (2) by diverting the income from such Postpetition Teacher Trainings to the Defendant and his family instead of | <u>Complaint</u>, ¶19.<br><br><u>Itkin Declaration</u>, ¶¶ 18 and 19. |

| | |
|---|---|
| turning over such funds to the BYCOI estate ("Postpetition Teacher Training Transfers"). | |
| 6.  As the principal of the Debtors, Defendant knew of the Debtors' voluntary bankruptcy filings yet continued to interfere and exercise control over assets of the BYCOI estate through the unlawful Postpetition Teacher Trainings in violation of the stay. | Complaint, ¶22.<br><br>Itkin Declaration, ¶ 21. |
| 7.  The Debtors sustained damages arising from Defendant's willful violation of the automatic stay based on the unaccounted revenues generated postpetition from the unlawful Postpetition Teacher Trainings. | Complaint, ¶¶ 432-435.<br><br>Motion at 23:7-18. |
| 8.  Plaintiff further incurred fees in chapter 11 totaling $393,867.99 and in chapter 7 totaling $68,122.50 aggregating $461,990.49 and costs of $70,920.13 in connection with the filing of the Complaint and pursuing this claim against the Defendant. | Itkin Declaration, ¶59. |

## 2.     FIFTH CLAIM FOR RELIEF:  Violation of the Automatic Stay – Intellectual Property (11 U.S.C. § 362)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Defendant willfully violated the automatic stay by misappropriating the Debtors' IP and Debtors' operational structure to continue to market and offer the Postpetition Teacher Trainings. | Complaint, ¶¶ 20-24, 69-74. |
| 2.    The Postpetition Teacher Trainings used Debtors' IP through the unauthorized use of Debtors' social media accounts and webpages. | Complaint, ¶¶ 21 and 22. |
| 3.  In addition to teacher training, Defendant's son Anurag ran the Debtors' social media accounts on Instagram and Facebook and two "Bikram" webpages, which was directed by the Defendant.  These all rely on intellectual property owned by the Debtors, including the registered trademarks of "Bikram Yoga" and "Bikram" (collectively, the "IP"). | Complaint, ¶ 21.<br><br>Itkin Declaration, ¶ 20. |
| 4.  While the Defendant directed Anurag to use the IP to divert postpetition revenues that rightly belong to the Debtors' estates, he was aware of the Debtors' Bankruptcy Cases, having personally signed documents on behalf of the Debtors authorizing the filing of the Bankruptcy Cases. | Complaint, ¶ 22.<br><br>Itkin Declaration, ¶ 21. |
| 5.  The Postpetition Teacher Trainings were promoted in 2018 and 2019 at the time the Defendant was fully aware that the Debtors' bankruptcy cases were on-going. | Complaint, ¶¶ 19 and 22 |
| 6.  Plaintiff has sent at least three letters to the Defendant (either directly or through counsel) and others, including his family and associates, admonishing them for unlawfully using the IP to conduct Bikram Yoga teacher training seminars, and demanding that they cease and desist such activities in violation of the automatic stay. | Complaint, ¶ 13.<br><br>Itkin Declaration, ¶ 22. |

| | |
|---|---|
| 7. The Defendant benefitted financially from the Unauthorized IP Use because the IP promoted, among other things, the unauthorized Postpetition Teacher Trainings. | <u>Complaint</u>, ¶ 24. |
| 8. Defendant continued to direct his son Anurag to promote the Postpetition Teacher Trainings using the Debtors' IP and webpages despite Plaintiff sending several letters to Defendant and Anurag to cease and desist such unauthorized use of the IP. | <u>Complaint</u>, ¶¶ 13, 18, 23 and 24.<br><br><u>Itkin Declaration</u>, ¶ 22. |
| 9. Debtors sustained damages in the form of unaccounted revenues and attorneys' fees and costs totaling $532,910.62[4]. | <u>Itkin Declaration</u>, ¶¶ 59 and 60. |

**B.**     <u>**Avoidance of Postpetition Transfers Under 11 U.S.C. § 549**</u>

As discussed in the Motion, the Complaint supports claims for avoidance of the Postpetition Teacher Training Transfers, Postpetition Car Collection Transfers, Postpetition Insurance Payment Transfers, Postpetition Toppington Transfers, Postpetition Rent Transfers, Postpetition Luxury Transfers, Postpetition Hotel Transfers, Postpetition Phone Transfers, Postpetition Mendez Transfers, and Postpetition Jadoo Transfers under § 549 of the Bankruptcy Code (collectively, the "<u>Postpetition Transfers</u>").  Complaint, ¶¶ 59-62, 111-14, 151-54, 169-72, 202-05, 234-37, 252-55, 270-73, 288-91, 306-09, 359-62. All of these Postpetition Transfers were made after the commencement of the Debtors' bankruptcy cases and were not authorized under the Bankruptcy Court or by the Court.  Regardless of the putative source, all postpetition payments received by or for the benefit of the Defendant comprise Postpetition Teacher Training revenues of BYCOI that were transferred solely for the Defendant. <u>Id.</u>, ¶ 48.  Thus, Plaintiff is entitled to the entry of a judgment for avoidance of such transfers under § 549. The value of these unauthorized Postpetition Transfers is recoverable from the Defendant under Bankruptcy Code § 550 and the transfer should be preserved under § 551 of the Bankruptcy Code.

**1.**     <u>**SECOND CLAIM FOR RELIEF**</u>:  **Avoidance of Postpetition Transfers - Postpetition Teacher Training Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1. All proceeds from the Postpetition Teacher Training were property of the BYCOI estate.  The revenue generated from these Postpetition Teacher Training are profits of, or from property of, the estate and are proceeds arising | <u>Complaint</u>, ¶¶ 17-24.<br><br><u>Motion</u>, at 18. |

---

[4] See <u>supra</u>, at 7:6-9.

| | |
|---|---|
| from all of the debtor's legal and equitable interests in such property wherever located and by whomever held. | |
| 2. Substantially, all postpetition income of the Defendant and his family comes from unlawful Postpetition Teacher Trainings and is and was used to fund the Postpetition Teacher Training Transfers which diverted these revenues for the benefit of the Defendant and his family. | Complaint, ¶ 20.<br><br>Itkin Declaration, ¶ 19. |
| 3. The Defendant used the Debtors' postpetition revenues to pay for his and his family's extravagant lifestyle all while leaving judgment and trade creditors unpaid. | Complaint, ¶¶ 17 and 20.<br><br>Itkin Declaration, ¶ 19. |
| 4. Defendant's misappropriation of the Postpetition Teacher Training revenue that belongs to Debtor BYCOI without Court authorization or Trustee's consent for the personal benefit of the Defendant and his family is an avoidable postpetition transfer. | Complaint, ¶¶ 19-20, 25, 59-62.<br><br>Itkin Declaration, ¶¶ 18 and 19. |
| 5. Plaintiff is entitled to an order and judgment against Defendant pursuant to 11 U.S.C. § 549 avoiding any of the Postpetition Teacher Training Transfers. | Complaint, ¶ 62. |

2.     **THIRTEENTH CLAIM FOR RELIEF:   Avoidance of Postpetition Transfers - Postpetition Car Collection Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1. The Defendant used funds from BYCOI's bank accounts to make car payments, pay for car repairs and maintenance of his personal collection of luxury vehicles. | Complaint, ¶¶ 27-28; Exhibit 2.<br><br>Itkin Declaration, Exhibit 2. |
| 2. The Defendant continued making these improper car payments using BYCOI funds postpetition ("Postpetition Car Collection Transfers," and together with the Prepetition Car Collection Transfers (defined below and in the Complaint) and the Debtor Car Transfers (defined below and in the Complaint), the "Car Collection Transfers") solely for his benefit. These Postpetition Car Collection Transfers were made without authorization from the Plaintiff or from the Court. | Complaint, ¶¶ 29, 112 and 113. |
| 3. After entry of the Jafa-Bodden Judgment in 2016, many of the vehicles that were funded by BYCOI were moved from Los Angeles to various locations in the United States and were transferred to shell entities, all in an effort to avoid having creditors seize and liquidate them to satisfy judgments. These transfers were made under the direction and control of the Defendant to conceal such vehicles from Debtors' creditors and the Plaintiff postpetition. | Complaint, ¶ 30.<br><br>Itkin Declaration, ¶ 28. |

| | |
|---|---|
| 4.  Courts in California, Washington, Nevada, and Florida issued injunctions to prevent the Defendant's continued efforts to hide the car collection. However, the Defendant ignored these injunctions. | Complaint, ¶ 30. |
| 5.  To date, at least twenty-two cars have been located in Florida and six cars were recovered from the Toppington House.  In addition to these cars located in Florida, there are additional cars that Defendant caused to be moved from Los Angeles without the Court's authorization or the Plaintiff's consent that have yet to be located ("Missing Debtor Cars"). | Complaint, ¶ 30, 113. <br><br> Motion at 8. <br><br> Itkin Declaration, ¶ 29. |
| 6.  The proceeds generated from the car sales are nowhere near enough to satisfy the claims against the Debtors and far less than the total of estate assets Defendant used to obtain and maintain the Missing Debtor Cars.  [Bankr. Dkt. Nos. 447 and 550.]  As such, Defendant remains liable for the Car Collection Transfers used to pay for the Missing Debtor Cars. | Complaint, ¶ 30. <br><br> Itkin Declaration, ¶ 29. |
| 7.  Plaintiff is entitled to an order and judgment against Defendant pursuant to 11 U.S.C. § 549 avoiding any of the Postpetition Teacher Training Transfers. | Complaint, ¶ 111-114. |

**3.     TWENTIETH CLAIM FOR RELIEF:  Avoidance of Postpetition Transfers - Postpetition Insurance Payment Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  In connection with the Car Collection Transfers, Defendant further used funds from BYCOI's bank accounts to pay for the insurance premium on these luxury vehicles. | Complaint, ¶¶ 31-32, 151-54, Exhibit 3. <br><br> Motion at 7, 8 and 18. <br><br> Itkin Declaration, Exhibit 3. |
| 2.   These unauthorized insurance premium payments continued after the Petition Date without a Court order or consent from the Plaintiff ("Postpetition Insurance Payment Transfers," and together with the Prepetition Insurance Payment Transfers (defined below), the "Insurance Payment Transfers") on behalf of the Defendant. | Complaint, ¶¶ 32,152-53. <br><br> Itkin Declaration, ¶ 32. |
| 3.   The Postpetition Insurance Payment Transfers were made to the Defendant after the Petition Date and were not authorized by the Court or the Plaintiff. | Complaint, ¶ 153. |
| 4.  Plaintiff is entitled to an order and judgment against Defendant pursuant to § 549 avoiding any of the Postpetition Insurance Payment Transfers. | Complaint, ¶ 154. |

**4.     TWENTY-FOURTH CLAIM FOR RELIEF:   Avoidance of Postpetition Transfer –**

**Postpetition Toppington Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Prepetition, the Defendant directed and caused one or more of the Debtors to pay the expenses relating to the Toppington House. | Complaint, ¶ 33.<br><br>Itkin Declaration, ¶ 33. |
| 2.  The Defendant continued to fund Toppington's expenses with teacher training revenues collected after the Petition Date ("Postpetition Toppington Transfers,") from unlawful Postpetition Teacher Training courses. | Complaint, ¶ 34. |
| 3.  The funds used for these Toppington House payments are BYCOI funds. | Complaint, Exhibit 4.<br><br>Itkin Declaration, Exhibit 4. |
| 4.  The Toppington House continued to be used by Defendant's daughter Laju, his ex-wife Rajashree Choudhury; and on occasion, his son Anurag.[5] | Complaint, ¶ 33.<br><br>Itkin Declaration, ¶ 35. |
| 5.  The Toppington House also served as a storage facility for much of the Defendant's personal items. | Complaint, ¶ 34.<br><br>Itkin Declaration, ¶ 35. |
| 6.  These Postpetition Toppington Transfers do not benefit any of the Debtors and were made without the Plaintiff's consent and without any authorization from the Court. | Complaint, ¶¶ 169-72. |
| 7.  Plaintiff is entitled to an order and judgment against Defendant pursuant to § 549 avoiding any of the Postpetition Insurance Payment Transfers. | Complaint, ¶ 72. |

**5.    THIRTY-FIRST CLAIM FOR RELIEF:    Avoidance of Postpetition Transfers - Postpetition Rent Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.    The Defendant misappropriated the Debtors' funds by making rent payments for Anurag's house in the fall of 2017 which continued after the Petition Date ("Postpetition Rent Transfers"). | Complaint, ¶¶ 37-38. |
| 2.  Anurag testified in his deposition that the Defendant helps him pay for his rent but asserted his fifth amendment rights with respect to further details about transfers of money from the Defendant. | Complaint, ¶ 38. |

---

[5]  The Plaintiff has since sold the Toppington House as discussed in the Motion.  Notwithstanding the sale, Plaintiff believes that Defendant remains liable for pre- and post-petition transfers of assets of the Estates to pay for the Toppington House as set forth in the Motion and this Supplement.

| 3. Plaintiff did not consent to such Postpetition Rent Transfers nor did the Court authorize such payments. | Complaint, ¶ 204. |
|---|---|
| 4. Plaintiff is entitled to an order and judgment against Defendant pursuant to § 549 avoiding any of the Postpetition Rent Transfers. | Complaint, ¶ 205. |

**6.      THIRTY-EIGHTH CLAIM FOR RELIEF:   Avoidance of Postpetition Transfers - Postpetition Luxury Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Defendant paid or directed to be paid approximately $2,304,365.93[6] using BYCOI's bank accounts for the purchase of personal luxury items from various luxury stores that by no means benefited the Debtors. | Complaint, ¶¶ 40-41, 235, Exhibit 7.<br><br>Itkin Declaration, ¶¶ 38-39, Exhibit 7. |
| 2.  These expenditures continued after the Petition Date ("Postpetition Luxury Transfers") without the Court's approval. | Complaint, ¶¶ 41 and 236. |
| 3.  Plaintiff is entitled to the entry of a judgment against Defendant under § 549 avoiding such Postpetition Luxury Transfers. | Complaint, ¶¶ 234-37. |

**7.      FORTY-SECOND CLAIM FOR RELIEF:    Avoidance of Postpetition Transfers - Postpetition Hotel Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Defendant directly or indirectly used the bank accounts of BYCOI to pay for hotels since November 9, 2007. | Complaint, ¶ 42. |
| 2.   These payments continued after the Petition Date ("Postpetition Hotel Transfers") without the Court's authority or Plaintiff's consent. | Complaint, ¶¶ 42, 254 |
| 3.  The Plaintiff is entitled to the entry of a judgment against Defendant under § 549 avoiding such Postpetition Hotel Transfers. | Complaint, ¶¶ 252-55. |

**8.      FORTY-SIXTH CLAIM FOR RELIEF:    Avoidance of Postpetition Transfers - Postpetition Nightlife Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.   Defendant used the funds from BYCOI's bank accounts for his personal entertainment expenses. | Complaint, ¶ 43; Exhibit 7. |
| 2.   These nightlife expenses continued to be expended on behalf of the Defendant after the Petition Date ("Postpetition Nightlife Transfers") without the Court's authorization or consent from the Plaintiff. | Complaint, ¶¶ 43 and 271-72. |

---

[6] Together with Prepetition Nightlife Transfers, Exhibit 7 shows a total of approximately $261,332.52 in personal expenses paid for luxury items and Defendant's nightlife entertainment.

| 3. These Postpetition Nightlife Transfers were from funds of BYCOI. | Complaint, ¶¶ 270-73. |
| 4. Plaintiff is entitled to a judgment against the Defendant under § 549 avoiding such Postpetition Nightlife Transfers. | Complaint, ¶ 273. |

**9.    FIFTIETH CLAIM FOR RELIEF:  Avoidance of Postpetition Transfers - Postpetition Phone Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
| --- | --- |
| 1. Among personal costs paid with funds originating from BYCOI's bank accounts were the Defendant's use of funds to pay for Anurag's telephone and cellular phone bills which have been made since November 9, 2007. | Complaint, ¶ 44. |
| 2. These cell phone payments have continued to be made on behalf of the Defendant after the Petition Date ("Postpetition Phone Transfers," and together with the Prepetition Phone Transfers (defined below), the "Phone Transfers") without the Court's authorization or the Plaintiff's consent. | Complaint, ¶¶ 44, 288-91. |
| 3. Plaintiff is entitled to a judgment against Defendant pursuant to 11 U.S.C. § 549 avoiding any of the Postpetition Phone Transfers. | Complaint, ¶ 291. |

**10.    FIFTY-FOURTH CLAIM FOR RELIEF:  Avoidance of Postpetition Transfers - Postpetition Mendez Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
| --- | --- |
| 1. Defendant hired Sergio Mendez as his family's personal assistant. | Complaint, ¶ 45. |
| 2. Mr. Mendez was paid from BYCOI's accounts or Debtors' property. | Complaint, Exhibit 8.<br><br>Itkin Declaration, Exhibit 8. |
| 3. These payments are believed to have continued postpetition on behalf and for the benefit of the Defendant ("Postpetition Mendez Transfers") without the consent and approval of the Plaintiff or of the Court. | Complaint, ¶¶ 45, 306-09. |
| 4. Accordingly, Plaintiff is entitled to a judgment avoiding such Postpetition Mendez Transfers under 11 U.S.C. § 549. | Complaint, ¶ 309. |

**11.    SIXTY-SIXTH CLAIM FOR RELIEF:    Avoidance of Postpetition Transfers - Postpetition Jadoo Transfers (11 U.S.C. § 549)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
| --- | --- |
| 1. From March of 2018 through September of 2018, Jadoo received at least $118,407 either directly from the Defendant or upon the Defendant's | Complaint, ¶ 48, Exhibit 11.<br><br>Itkin Declaration, Exhibit 11. |

| | |
|---|---|
| direction, from Anurag, and Rajesh Baheti/Smana Hotels[7] that, on information and belief, were all derived from unlawful Postpetition Teacher Trainings revenue ("Postpetition Jadoo Transfers"). | |
| 2.  These Postpetition Jadoo Transfers were made from the Postpetition Teacher Trainings revenue through Monica Shigenaga, the principal of Jadoo and the Defendant's right hand person to the detriment of the Debtors and their creditors. | Complaint, ¶48. |
| 3.  The Postpetition Jadoo Transfers were made to benefit the Defendant without the Court's authorization and Plaintiff's consent. | Complaint, ¶¶ 359-62. |
| 4.  Plaintiff is entitled to a judgment against Defendant pursuant to 11 U.S.C. § 549 avoiding any of the Postpetition Jadoo Transfers totaling at least $118,407 which came from the assets of the Debtors and paid from BYCOI's bank accounts. | Complaint, ¶¶ 48 and 362. |

**C.    Avoidance of Constructive Fraudulent Transfers**

The Complaint, as supported by the Motion, proved Plaintiff's claims for constructive fraudulent transfers of the Check Transfers, Cash Transfers, Prepetition Car Collection Transfers, Prepetition Insurance Payment Transfers, Prepetition Toppington Transfers, Condo Transfers, Prepetition Rent Transfers, Tuition Transfers, Prepetition Luxury Transfers, Prepetition Nightlife Transfers, Prepetition Mendez Transfers, Prepetition Shigenaga Transfers, Prepetition Shigenaga Rent Transfers, Charitable Transfers, Political Transfers, C-Link Transfers, and BYCOI Transfers (collectively, the "Prepetition Transfers") under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2), 3439.05, and 3439.07(a)(1).  Motion at 18-19.  These statutes permit avoidance of any transfer if such transfer was made for less than reasonably equivalent value in exchange for the transfer made and one of the following elements is satisfied: (i) the debtor was insolvent or became insolvent as a result of the transfer (Cal. Civil Code § 3439.05(a) and 11 U.S.C. § 548(a)(1)(B)(ii)(I)); (ii) the debtor was engaged or were about to engage in a business or transaction for which capitalization or the remaining assets of the debtor were unreasonably small in relation to the business or the transaction (Cal. Civil Code §§ 3439.04(a)(2) and 11 U.S.C. § 548(a)(1)(B)(ii)(II)); or (iii) the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond its ability to

---

[7]  The Post-Petition Teacher Training payments are or have been processed through the Smana Hotels.  Complaint, fn. 6.

1  repay as they became due or as such debt matured (Cal. Civil Code §§ 3439.04(a)(2)(ii)(III) and 11

2  U.S.C. § 548(a)(1)(B)(ii)(III)).

3      According to records obtained by the Plaintiff, the Debtors have been balance-sheet insolvent

4  since at least January 1, 2008, which is the date at which documentary records begin.  Complaint, ¶ 13.

5  As discussed in the Complaint, the Debtors and Defendant faced several lawsuits during the relevant

6  avoidance period, at which time, the Debtors would have reasonably believed that they would incur

7  debts that would be beyond their ability to pay as they come due.  Id., ¶¶ 14 and 15; Motion at 18-19.

8  Certainly, as a result of the approximately $16 million in judgments discussed in the Complaint and in

9  the Motion, the Debtors were insolvent or rendered insolvent at all times relevant to the Complaint.

10  Complaint, fn. 1; Motion at 3-4.

11      By virtue of 11 U.S.C. § 544, Plaintiff has the rights and powers of an existing creditor to avoid

12  a constructive fraudulent transfer under Cal. Civil Code §§ 3439.04 and 3439.05.  Cal. Civil Code §§

13  3439.04 further permits the Plaintiff, standing in the shoes of a creditor whose claim arose after the

14  transfer was made, to avoid such constructive fraudulent transfer.

15      The Plaintiff is entitled to a judgment avoiding the foregoing Prepetition Transfers for the benefit

16  of the Debtors' estates under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code

17  §§ 3439.04(a)(2), 3439.05, and 3439.07(a)(1).  As discussed below, the following factual averments are

18  present and applicable across all of the Prepetition Transfers: (1) that the transfers were made on or

19  within four years of the Petition Date, but in no event longer than 10 years before the Petition Date

20  (Complaint, ¶¶ 28, 80, 94, 108, 127, 148, 166, 185, 199, 217, 231, 249, 267, 285, 303, 321, 336, 350,

21  374, 388, 402, 416); and (2) the Debtors did not receive reasonable equivalent value, or any value, in

22  exchange for said Prepetition Transfers (Complaint, ¶¶ 81, 95, 109, 128, 149, 167, 186, 200, 218, 232,

23  250, 268, 286, 304, 322, 337, 351, 375, 389, 403, 417).  The Complaint also established that all the

24  Prepetition Transfers occurred when the Debtors were insolvent or became insolvent as a result of the

25  transfers. Complaint, ¶ 15; fn. 1.  Indeed, at the time the transfers were made, Debtors incurred, or

26  believed or reasonably should have believed the Debtors would incur, debts beyond the Debtors' ability

27  to repay them as they became due by virtue of the reasonable lawsuits filed against the Defendant and

28  the Debtors.  Id.  Furthermore, to the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the

Complaint avers that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that is not allowable under § 502(e), who can avoid the respective transfers as contemplated under Cal. Civ. Code § 3439.04 and 3439.05 or other applicable law.  Id., ¶ 6.  Plaintiff requests the Court to take judicial notice of the proofs of claims filed in the Debtors' bankruptcy cases which claimants assert debts incurred as far back as 2010 or later.[8]

1.     **SIXTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Check Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. Code §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Prior to the Petition Date, the Defendant failed to follow corporate formalities with respect to the Debtors. | Complaint, ¶ 26. |
| 2.  The Debtors' financial records demonstrate that between July 2008 and September 2015, the Defendant wrote checks to himself from BYCOI bank accounts ("Check Transfers") in an amount no less than $595,791 while the Debtors were insolvent. | Complaint, ¶ 26, and Exhibit 1. |
| 3.  These Check Transfers were made while the Debtors were insolvent or later became insolvent and certainly, by the time Ms. Bodden's lawsuit was commenced in 2013, the Debtor BYCOI reasonably should have believed the debtor would incur, debts beyond its ability to repay. | Complaint, ¶ 15, fn. 1, and 26. |
| 4.  These Check Transfers totaling approximately $595,791 were made either to the Defendant or for his benefit from BYCOI bank accounts. | Complaint, ¶¶ 26 and 77; Exhibit 1. |
| 5.  There has been no evidence that a reasonably equivalent value (or any value) was given to BYCOI for the Check Transfers. | Complaint, ¶ 81. |
| 6.  The Debtors had creditors existing before and after the Cash Transfers whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 78-79. |
| 7.  The Plaintiff, therefore, is entitled to a judgment avoiding the Check Transfers totaling $595,791 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 82. |

2.     **SEVENTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Cash Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Between January 2008 and November 2018, the Defendant made Cash Transfers totaling $313,952.00 to cash ("Cash Transfers") for his benefit | Complaint, ¶¶ 26 and 91; Exhibit 1. |

---

[8]  For example, Claim 16-1 filed by MUFG Union Bank, N.A. against the BYCOI estate asserts a claim for a loan opened in 2010.

| from BYCOI bank accounts. | |
|---|---|
| 2.  These Cash Transfers received by the Defendant were made to or for the benefit of the Defendant. | Complaint, ¶ 91. |
| 3.  There has been no showing that a reasonably equivalent value (or any value) was given to BYCOI of any of the Debtors for the Cash Transfers. | Complaint, ¶ 95. |
| 4.  Debtors had creditors, before and after the Cash Transfers, whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 92-93. |
| 5.  The Plaintiff, therefore, is entitled to a judgment avoiding the Cash Transfers totaling $313,952.00 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 96. |

3.      **TWELFTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Prepetition Car Collection Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Based on the Debtors' financial records, the Defendant directed and caused one or more Debtors to pay (particularly through BYCOI's bank accounts) approximately $4,013,841 in car payments, repairs and maintenance for his personal collection of at least 36 luxury and sports cars that were used by his ex-wife and adult children ("Prepetition Car Collection Transfers"). | Complaint, ¶¶ 27-29, 108-109 and Exhibit 2. <br><br> Motion, at 7. <br><br> Itkin Declaration, Exhibit 2. |
| 2.  Many of the Prepetition Car Collection Transfers were made within 10 years of the Petition Date through the Debtors' accounts via checks and credit cards after November 9, 2007. | Complaint, ¶ 28 and Exhibit 2. |
| 3.  As these payments were for Defendant's personal car collection, BYCOI did not receive reasonably equivalent value (or any value) for these Prepetition Car Collection Transfers.  Instead, they were made to or for the benefit of the Defendant. | Complaint, ¶¶ 108-09. |
| 4.  Debtors had creditors existing before and after the Prepetition Car Collection Transfers, whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 106. |
| 5.  The Plaintiff is entitled to a judgment avoiding the Prepetition Car Collection Transfers totaling $4,013,841 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶¶ 110. |

4.      **NINETEENTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Prepetition Insurance Payment Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  In connection with the Car Collection Transfers, the Defendant directed and caused one or more Debtors to pay for the insurance premium on these cars through the Debtors' accounts after November 9, 2007 totaling, at minimum, $348,713.52 ("Prepetition Insurance Payment Transfers"). | Itkin Declaration, Exhibit 3.<br><br>Complaint, ¶ 31, Exhibit 3. |
| 2.  There has been no showing that a reasonably equivalent value (or any value) was given to BYCOI or any of the two Debtors in exchange for these Prepetition Insurance Payment Transfers. | Complaint, ¶ 149. |
| 3.  Debtors had creditors before and after these Prepetition Insurance Payment Transfers made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 146-47. |
| 4.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition Insurance Payment Transfers totaling $348,713.52 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 150. |

5.    **TWENTY-THIRD CLAIM FOR RELIEF**:  **Avoidance of Constructive Fraudulent Transfer - Prepetition Toppington Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Defendant directed and caused one or more Debtors to pay approximately $1,525,532 in expenses relating to the Toppington House-- the Defendant's long-time residence, which included payments of at least $872,400 to Washington Mutual and later to Chase Bank in monthly installments between February 1, 2008 and January 13, 2016 ("Prepetition Toppington Transfers"). | Complaint, ¶ 33; Exhibit 4.<br><br>Itkin Declaration, Exhibit 4. |
| 2.  There has been no showing that a reasonably equivalent value (or any value) was given to the Debtors in exchange for these Prepetition Toppington Transfers. | Complaint, ¶ 167. |
| 3.  The Prepetition Toppington Transfers were made on or within four (4) years of the Petition Date, but in no event longer than ten (10) years prior to the Petition Date. | Complaint, ¶ 165. |
| 4.  Debtors had creditors before and after these Prepetition Toppington Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶ 166. |
| 5.  The Plaintiff is entitled to a judgment avoiding the Prepetition Toppington Transfers totaling $1,525,532 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶¶ 110. |

6.     **TWENTY-SEVENTH CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer - Condo Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Defendant directed and caused one or more Debtors to pay approximately $718,742 on his luxury hi-rise condominium in O'ahu, Hawaii from BYCOI bank accounts identified in the ("Condo Transfers"). | Complaint, ¶¶ 35-36; Exhibit 5.  Itkin Declaration, Exhibit 5 |
| 2.  The Condo Transfers were made after November 9, 2007. | Complaint, ¶ 36. |
| 3.  As Defendant's condominium used by him and his family, Debtors did not receive any reasonably equivalent value in exchange for these Condo Transfers. | Complaint, ¶ 186. |
| 4.  Debtors had creditors before and after these Condo Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 183-84. |
| 5.  The Plaintiff, therefore, is entitled to a judgment avoiding the Condo Transfers totaling $718,742 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 187. |

7.     **THIRTIETH CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer – Prepetition Rent Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  In the fall of 2017, Anurag moved to a new residence located at 8436 Brier Drive in Los Angeles. According to Anurag's testimony, he was obligated under a lease to pay $1,300 per month for this house and the Defendant wires Anurag funds derived from teacher training revenues sufficient to make his monthly rent payment. | Complaint, ¶ 37. |
| 2.  Anurag stated in deposition that the Defendant helps him pay for his rent but asserted his fifth amendment rights with respect to further details about transfers of money from the Defendant. | Complaint, ¶ 38. |
| 3.  The Defendant misappropriated funds from the Debtors and used them to make rent payments for Anurag's house on Brier Drive in the fall of 2017, prior to the Petition Date (the "Prepetition Rent Transfers"). | Complaint, ¶ 38. |
| 4.  Given the nature of these expenditures, the Prepetition Rent Transfers were made through the Defendant's son for the benefit of the Defendant. There has been no showing that BYCOI received any reasonably equivalent value in exchange for these Prepetition Rent Transfers. | Complaint, ¶¶ 196 and 200. |
| 5.  Debtors had existing creditors before and after these Prepetition Rent Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 197-98. |
| 6.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition | Complaint, ¶ 201. |

| Rent Transfers under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | |

**8.**     **THIRTY-FOURTH CLAIM FOR RELIEF:**   **Avoidance of Constructive Fraudulent Transfer – Tuition Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Prior to the Petition Date, the Defendant caused one or more of the Debtors to pay approximately $366,441 of the Debtor's funds for Anurag's and Laju's private schooling and tutoring.  Specifically, the Debtors paid approximately $102,327 for Anurag to attend the Buckley School between 2008 and 2011, approximately $96,322 for Anurag to attend the University of Arizona between 2011 and 2015, approximately $85,295 for Laju to attend California Lutheran University of Arizona between 2008 and 2012, and paid approximately $42,495 for private tutoring and other educational costs between 2008 and 2014 ("<u>Tuition Transfers</u>"). | <u>Complaint</u>, ¶¶ 39 and 217; Exhibit 6.<br><br><u>Itkin Declaration</u>, Exhibit 6. |
| 2.  The Tuition Transfers were made after November 9, 2007--within 10 years of the Petition Date. | <u>Complaint</u>, ¶ 217. |
| 3.  These Tuition Transfers were made using BYCOI's bank accounts. | <u>Itkin Declaration</u>, Exhibit 6. |
| 4.  Given the nature of these expenditures, the Tuition Transfers were to or for the benefit of the Defendant.  There has been no showing that BYCOI received any reasonably equivalent value in exchange for these Tuition Transfers. | <u>Complaint</u>, ¶¶ 214 and 218. |
| 5.  The Plaintiff, therefore, is entitled to a judgment avoiding the Tuition Transfers totaling $366,441 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | <u>Complaint</u>, ¶¶ 215-16. |

**9.**     **THIRTY-SEVENTH CLAIM FOR RELIEF:** **Avoidance of Constructive Fraudulent Transfer - Prepetition Luxury Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  As evidenced by Debtor BYCOI's records, the Defendant directed one or more Debtors to pay approximately $2,304,365.93 for personal purchases of luxury items from various luxury stores prepetition ("<u>Prepetition Luxury Transfers</u>").  The Prepetition Luxury Transfers include expenditures of over $23,000 at Louis Vuitton, over $100,000 at Bloomingdale's, Macy's, Neiman Marcus, and Nordstrom, over $16,000 at Chanel, and at least another $100,000 in other high-end stores, including Bottega Veneta, Barney's, Saks Fifth Avenue, Prada, Gucci, Bally, and Versace. | <u>Complaint</u>, ¶¶ 40-42 and Exhibit 7.<br><br><u>Itkin Declaration</u>, ¶ 39 and Exhibit 7. |
| 2.  The Prepetition Luxury Transfers were made after November 9, 2007--within 10 years of the Petition Date. | Complaint, ¶ 41.<br><u>Itkin Declaration</u>, ¶39. |

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 3.  These Prepetition Luxury Transfers were made using BYCOI's bank accounts. | Complaint, Exhibit 7.<br><br>Itkin Declaration, Exhibit 7. |
| 4.  Given the nature of these expenditures, there has been no showing that BYCOI received any reasonably equivalent value in exchange for these Prepetition Luxury Transfers. | Complaint, ¶ 232. |
| 5.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition Luxury Transfers totaling $2,304,365.93 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶¶ 229-333. |

**10.     FORTY-FIRST CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer - Prepetition Hotel Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  In addition to the Defendant's many personal uses of Debtors funds, the Defendant directly or indirectly used Debtors' funds to pay for hotel stays and expenditures since November 9, 2007 for his own personal use ("Prepetition Hotel Transfers"). | Complaint, ¶¶ 42 and 245. |
| 2.  Prepetition Hotel Transfers were made for the benefit of the Defendant and as such, Debtors did not receive any reasonably equivalent value in exchange for these Prepetition Hotel Transfers. | Complaint, ¶¶ 246 and 250. |
| 3.  Debtors had creditors before and after these Prepetition Hotel Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 247-48. |
| 4.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition Hotel Transfers under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 251. |

**11.     FORTY-FIFTH CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer - Prepetition Nightlife Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Defendant used Debtors' fund for personal expenses relating to his nightlife and personal entertainment using check issued from BYCOI accounts or various credit cards paid for by BYCOI ("Prepetition Nightlife Transfers"). | Complaint, ¶ 43; Exhibit 7.<br><br>Itkin Declaration, ¶ 40. |
| 2.  Without limitation, these Prepetition Nightlife Transfers totaled at least $56,966.59. | Complaint, Exhibit 7.<br><br>Itkin Declaration, Exhibit 7. |
| 3.  There is no showing that BYCOI received any reasonably equivalent | Complaint, ¶ 268. |

SKLAR KIRSH, LLP
ATTORNEYS AT LAW
4875-9579-7000

| value in exchange for these personal expenditures. | |
|---|---|
| 4.  Debtors had creditors before and after these Prepetition Nightlife Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 265-66. |
| 5.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition Nightlife Transfers totaling $56,966.59 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 269. |

12.    **FORTY-NINTH CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer - Prepetition Phone Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Among other personal costs paid with funds originating with the Debtors were the Defendant's payment of Anurag's telephone and cellular phone bills which have been made since November 9, 2007 ("Prepetition Phone Transfers"). | Complaint, ¶ 44. |
| 2.  BYCOI did not receive any reasonably equivalent value in exchange for these personal telephone expenditures. | Complaint, ¶ 286. |
| 3.  Debtors had creditors before and after these Prepetition Phone Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 283 and 284. |
| 4.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition Phone Transfers under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 287. |

13.    **FIFTY-THIRD CLAIM FOR RELIEF**: Avoidance of Constructive Fraudulent Transfer - Prepetition Mendez Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Defendant and his family hired Mr. Mendez as a personal assistant to the family over a decade ago. | Complaint, ¶ 45. |
| 2.  The Defendant and his family used funds from the BYCOI bank accounts to pay their personal assistant, Mr. Mendez totaling $328,312. | Itkin Declaration, ¶ 41 and Exhibit 8.<br><br>Complaint, ¶ 45 and Exhibit 8. |
| 3.  As the Choudhurys' personal assistant, BYCOI did not receive any reasonably equivalent value in exchange for the payments to Mr. Mendez. | Itkin Declaration, Exhibit 8.<br><br>Complaint, ¶ 304. |
| 4.  Debtors had creditors before and after these Mendez Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 301 and 302. |

| | |
|---|---|
| 5.  The Plaintiff, therefore, is entitled to a judgment avoiding the Mendez Transfers totaling $328,312 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 305. |

14.    **FIFTY-SEVENTH CLAIM FOR RELIEF**:   Avoidance of Constructive Fraudulent Transfer - Prepetition Shigenaga Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Ms. Shigenaga first became involved with Bikram Yoga in 2012 or 2013. In 2015, Ms. Shigenaga moved to California at the Defendant's request to work as the Defendant's personal assistant in his roles with the Debtors. | Complaint, ¶ 46. <br><br> Itkin Declaration, ¶ 42. |
| 2.  In addition to receiving a salary from BYCOI (notwithstanding that she is the personal assistant of the Defendant), Defendant directed those payments be made from BYCOI's bank accounts to Ms. Shigenaga, personally, in the sum of $10,188.43 ("Prepetition Shigenaga Transfers") from May 2015 to July 2015. | Complaint, ¶¶ 46-48; Exhibit 9. <br><br> Itkin Declaration, Exhibit 9. |
| 3.  Defendant hired Ms. Shigenaga to work as Defendant's assistant with respect to the business operations of the Debtors.  BYCOI did not receive any reasonably equivalent value in exchange for these Prepetition Shigenaga Transfers. | Complaint, ¶¶ 46 and 322. |
| 4.  Debtors had creditors before and after these Prepetition Shigenaga Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 319-320. |
| 5.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition Shigenaga Transfers in the sum of $10,188.43 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 323. |

15.    **SIXTIETH CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer - Prepetition Shigenaga Rent Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Debtors' records reflect that they paid at least of $24,552.72 for rent, utilities and internet/cable for Ms. Shigenaga's apartment in Beverly Hills, CA from May 1, 2015 through September of 2016 ("Prepetition Shigenaga Rent Transfers"). | Complaint, ¶¶ 46-48, 336 and Exhibit 10. <br><br> Itkin Declaration, ¶ 45 and Exhibit 10. |
| 2.  These Prepetition Shigenaga Rent Transfers were made from BYCOI's accounts for the benefit of the Defendant for which BYCOI did not receive reasonably equivalent value (or any value) for the transfer. | Complaint, ¶ 333 and Exhibit 10. |
| 3.  Debtors had creditors before and after these Prepetition Shigenaga Rent Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 334-35. |

| | |
|---|---|
| 4.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition Shigenaga Rent Transfers in the sum of $24,552.72 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 338. |

**16.    SIXTY-THIRD CLAIM FOR RELIEF: Avoidance of Constructive Fraudulent Transfer - Prepetition Cocojur and Jadoo Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Ms. Shigenaga testified that Jadoo and Cocojur, her businesses, received at least $210,000 from the Debtors between August 2015 through Petition Date totaling $210,000.00 through the direction of the Defendant and for his own benefit. | Complaint, ¶¶ 48, 347 and 350. |
| 2.  The Debtors did not receive any reasonably equivalent value in exchange for these Prepetition Cocojur and Jadoo Transfers. | Complaint, ¶ 351. |
| 3.  Debtors had creditors before and after these Prepetition Cocojur and Jadoo Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 348-349. |
| 4.  The Plaintiff, therefore, is entitled to a judgment avoiding the Prepetition Cocojur and Jadoo Transfers in the sum of $210,000.00 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 352. |

**17.    SIXTY-NINTH CLAIM FOR RELIEF:  Avoidance of Constructive Fraudulent Transfer - Charitable Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Defendant used funds from BYCOI's bank account to pay other non-Debtor expenses for the benefit of Defendant and of third parties. Among these, the Defendant directed and caused to be made at least $399,249 in charitable contributions since November 9, 2007 ("Charitable Transfers"). | Complaint, ¶¶ 49 and 374; Exhibit 12.<br><br>Itkin Declaration, ¶ 46 and Exhibit 12. |
| 2.  BYCOI did not receive any reasonably equivalent value in exchange for these Charitable Transfers. | Complaint, ¶ 375. |
| 3.  Debtors had creditors before and after these Charitable Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 372-73. |
| 4.  The Plaintiff, therefore, is entitled to a judgment avoiding the Charitable Transfers in the sum of $399,249.00 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 376. |

18.    **SEVENTY-SECOND CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer - Political Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Defendant directed and caused to be made political contributions ("Political Transfers") totaling at least $53,250 in since November 9, 2007 from BYCOI accounts at the time that the Debtors were insolvent. | Complaint, ¶ 50 and 388-89; Exhibit 13.<br><br>Itkin Declaration, ¶ 47 Exhibit 13. |
| 2.  There has been no showing that BYCOI received reasonably equivalent value in exchange for these Political Transfers. | Complaint, ¶ 389. |
| 3.  Debtors had creditors before and after these Political Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 386-87. |
| 4.  The Plaintiff, therefore, is entitled to a judgment avoiding the Political Transfers in the sum of $53,250.00 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 390. |

19.    **SEVENTY-FIFTH CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer - C-Link Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Defendant directed and caused one or more Debtors to transfer approximately $239,756 to fund C-Link – a medical device designed by the Defendant's friend who has no connection to the Debtors ("C-Link Transfers"). | Complaint, ¶¶ 51 and 399; Exhibit 14.<br><br>Itkin Declaration, ¶50 and Exhibit 14. |
| 2.  The device had no value to the Debtors and the transfers were made for the sole benefit of the Defendant and his friend. | Complaint, ¶¶ 399 and 403. |
| 3.  Debtors had creditors before and after these C-Link Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 400-01. |
| 4.  The Plaintiff, therefore, is entitled to a judgment avoiding the Political Transfers in the sum of $239,756.00 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 404. |

20.    **SEVENTY-EIGHTH CLAIM FOR RELIEF**:  Avoidance of Constructive Fraudulent Transfer - BYCOI Transfers (11 U.S.C. §§ 544, 548; Cal. Civ. C. §§ 3439.04, 3439.05)

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  At the Defendant's direction, BYCOI transferred $439,824.43, which was comprised of a $373,144 transfer to Bikram HotYoga Co. Ltd. and a $66,680 transfer to Bikram Web Tech Private Limited ("BYCOI Transfers") for no consideration to the Debtors' estates. | Complaint, ¶ 52; Exhibit 15.<br><br>Itkin Declaration, ¶ 51 and Exhibit 15. |

| | |
|---|---|
| 2.  These two non-Debtors entities,  Bikram HotYoga Co. Ltd. and Bikram Web Tech Private Limited, are controlled by the Defendant. | Complaint, ¶ 52; Exhibit 15.<br><br>Itkin Declaration, Exhibit 15. |
| 3.  There is no showing that BYCOI received any reasonably equivalent value (or any value) in exchange for these BYCOI Transfers. | Complaint, ¶ 417. |
| 4.  Debtors had creditors before and after these BYCOI Transfers were made whose claims remained unpaid as of the Petition Date. | Complaint, ¶¶ 414-415. |
| 5.  The Plaintiff, therefore, is entitled to a judgment avoiding the BYCOI Transfers in the sum of approximately $440,000.00 under Bankruptcy Code §§ 544(b)(1) and 548(a)(1)(B) and California Civil Code §§ 3439.04(a)(2) and 3439.05. | Complaint, ¶ 418. |

**D.**     **Avoidance of Actual Fraudulent Transfer**

The sixteenth claim for relief of the Complaint states a claim for actual fraudulent transfer of the Missing Debtor Cars ("Debtor Car Transfers") under Bankruptcy Code §§ 544 and 548, as well as §§ 3439.04 of the California Civil Code with the intent of concealing the location of these cars from the reach of creditors (particularly, the judgment creditors) and of hindering and delaying their efforts to collect on their claims by actively and knowingly participating in the Debtor Car Transfers.  Complaint, ¶ 121-31.  Courts have frequently inferred fraudulent intent from circumstances surrounding the transfer. In re Acequia, Inc., 34 F .3d 800, 805-06 (9th Cir. 1994).  California Civil Code § 3439.04(b) sets forth a nonexclusive list of factors for determining whether a transfer was made with an actual intent to hinder, delay, or defraud a creditor.  The following undisputed factual averments demonstrate intent to hinder, delay and defraud creditors that support a finding of an actual fraudulent transfer.

**1.**     **SIXTEENTH CLAIM FOR RELIEF:  Avoidance of Intentional Fraudulent Transfer - Debtor Car Transfers (11 U.S.C. § 544, §548; Cal. Civ. C. §§ 3439.04)**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Missing Debtor Cars were funded by the Debtors' property, or property in which the Debtors assert an ownership interest. | Complaint, ¶ 123. |
| 2.  The Debtor Car Transfers were for the benefit of an insider of the Debtors. | Complaint, ¶ 124. |
| 3.  Defendant, as the former principal of the Debtors, had control over these Missing Debtor Cars, concealed such Debtor Car Transfers from creditors at the time Debtors and Defendant were facing multiple lawsuits, and later, from the Plaintiff. | Complaint, ¶¶ 14-15, 30, 126, 128. |

| 4. The Defendant transferred the vehicles for no consideration in anticipation of the Bankruptcy Cases at the time Debtors were insolvent or about to incur a substantial debt arising from the lawsuits. Defendant also transferred the vehicles in violation of the state court's injunction against such transfers by the Defendant. | Complaint, ¶¶ 30 and 125. |
|---|---|
| 6. The Debtor Car Transfers depleted the Debtors' estate to the creditors' detriment demonstrating an actual intent to defraud. | Complaint, ¶ 128. |
| 7. While Plaintiff has recovered some of the Missing Debtor Cars, the proceeds from the sale of the vehicles were insufficient to pay creditors of the Estates. Many of these cars remain missing and unaccounted for today. | Motion, at 8.<br><br>Itkin Declaration, ¶ 29. |
| 8. Debtor had creditors of the Debtors existing, before and after the Prepetition Car Collection Transfers, who remained unpaid as of the Petition Date. | Complaint, ¶¶ 30 and 122. |
| 9. The Plaintiff, therefore, is entitled to a judgment avoiding the Debtor Car Transfers under Bankruptcy Code §§ 544(b)(1) and 548 and California Civil Code §§ 3439.04(a)(1). | Complaint, ¶¶ 131. |

## E.    Recovery and Preservation of Avoided Transfers

As a result of the Plaintiff's entitlement to a judgment for avoidance of the Prepetition Transfers and the Postpetition Transfers (and together, "Transfers") under Bankruptcy Code §§ 544, 548, or 549, Plaintiff is entitled to recover and preserve, for the benefit of the Debtors' estates, the Transfers under Bankruptcy Code §§ 550 and 551, respectively. Plaintiff is entitled to recover the following Transfers or the value of the Transfers from the Defendant as the transferee or as the person who benefited from the Transfers made under Bankruptcy Code § 550:

| Claim for Relief | Avoided Transfer | Exhibit[9] | Value |
|---|---|---|---|
| **Postpetition Transfers Under § 549** | | | |
| 2nd | Postpetition Teacher Training Transfers | n/a | Unknown (subject to Accounting Claim) |
| 13th | Postpetition Car Collection Transfers | n/a | Unknown (subject to Accounting Claim) |
| 20th | Postpetition Insurance Payment Transfers | n/a | Unknown (subject to Accounting Claim) |
| 24th | Postpetition Toppington Transfers | n/a | Unknown (subject to Accounting Claim) |

[9] Exhibit references are to the Exhibits attached to the Itkin Declaration in support of the Motion which corresponds to the same exhibits in the Complaint.

| 31st | Postpetition Rent Transfers | n/a | Unknown (subject to Accounting Claim) |
|---|---|---|---|
| 38th | Postpetition Luxury Transfers | n/a | Unknown (subject to Accounting Claim) |
| 42nd | Postpetition Hotel Transfers | n/a | Unknown (subject to Accounting Claim) |
| 46th | Postpetition Nightlife Transfers | n/a | Unknown (subject to Accounting Claim) |
| 50th | Postpetition Phone Transfers | n/a | Unknown (subject to Accounting Claim) |
| 54th | Postpetition Mendez Transfers | n/a | Unknown (subject to Accounting Claim) |
| 66th | Postpetition Jadoo Transfers | 11 | $118,407.00 |
| **Prepetition Transfers Under §§ 544 and 548** | | | |
| 6th | Prepetition Check Transfers | 1 | $595,791.00 |
| 9th | Prepetition Transfers to Cash | 1 | $313,952.00 |
| 12th | Prepetition Car Collection Transfers | 2 | $4,013,841.00 |
| 19th | Prepetition Insurance Payment Transfers | 3 | $348,713.52 |
| 23rd | Prepetition Toppington Transfers | 4 | $1,525,532.00 |
| 27th | Prepetition Condo Transfers | 5 | $718,742.07 |
| 30th | Prepetition Rent Transfers | n/a | Unknown |
| 34th | Prepetition Tuition Transfers | 6 | $366,440.65 |
| 37th | Prepetition Luxury Transfers | 7 | $2,304,365.93 |
| 41st | Prepetition Hotel Transfers | n/a | Unknown |
| 45th | Prepetition Nightlife Transfers | 7 | $56,966.59 |
| 49th | Prepetition Phone Transfers | n/a | Unknown |
| 53rd | Prepetition Mendez Transfers | 8 | $328,312.49 |
| 57th | Prepetition Shigenaga Transfers | 9 | $10,188.43 |
| 60th | Prepetition Shigenaga Rent Transfers | 10 | $24,552.72 |
| 63rd | Prepetition Cocojoor and Jadoo Transfers | n/a | $210,000.00[10] |
| 69th | Prepetition Charitable Transfers | 12 | $399,249.49 |
| 72nd | Prepetition Political Transfers | 13 | $53,250.00 |
| 75th | Prepetition C-Link Transfers | 14 | $239,756.90 |
| 78th | Prepetition BYCOI Transfers | 15 | $439,824.43 |
| **Actual Fraudulent Transfer Under § 548(a)(1)** | | | |
| 16th | Debtor Car Transfers (Actual Fraud) | 2 | (combined value of Prepetition and Postpetition Car Collection Transfers) |
| | **TOTAL:** | | **$12,067,886.22** |

---

[10] This transfer was set forth in the Complaint at paragraph 48 but was inadvertently excluded from the Damages table on page 25 of the Motion.  The amount was based on testimony from Monica Shigenaga.  Complaint, ¶48.

1    Last, Plaintiff is entitled to preserve the foregoing Transfers for the Debtors' estates under Bankruptcy

2    Code § 551.

3    **F.    Conversion of the Missing Debtor Cars**

4    **1.    SEVENTEENTH CLAIM FOR RELIEF:  Conversion – Missing Debtor Cars**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Defendant intentionally and substantially interfered with the Debtor BYCOI's interests in the Missing Debtor Cars by knowingly and intentionally taking possession and/or misappropriating the Missing Debtor Cars thereby preventing the Debtors or the Plaintiff from having access to the Missing Debtor Cars. | Complaint, ¶¶ 30 and 133.  Itkin Declaration, ¶ 28. |
| 2.  The Defendant has neither returned the Missing Debtor Cars to the Plaintiff despite demands to do so, nor has he replaced the Missing Debtor Cars.  Defendant continued to exercise control over the Missing Debtor Cars without Plaintiff's consent. | Complaint, ¶ 134. |
| 3.  The Debtors have been damaged in an amount equal to the value of these Missing Debtor Cars from the Defendant's actions in converting and misappropriating the Missing Debtor Cars. Plaintiff is, therefore, entitled to damages, for the benefit of the Debtors' estates, for the Defendant's conversion of the Missing Debtor Cars. | Complaint, ¶ 135. |

15    **G.    Turnover (11 U.S.C. § 542)**

16        A Plaintiff may seek turnover from an entity that had "possession, custody, or control" of the

17    subject property during the bankruptcy case whether or not the entity had "possession, custody, or

18    control" at the time the turnover motion is sought.  *Shapiro v. Henson*, 739 F.3d 1198, 1204 (9th Cir.

19    2014).  Here, the following undisputed facts support turnover of the Missing Debtor Cars.

20    **1.    EIGHTEENTH CLAIM FOR RELIEF:  Turnover of Estate Property - Missing Cars**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  The Missing Debtor Cars were paid for with funds from the BYCOI estate and as such, properties of the bankruptcy estates. | Complaint, ¶¶ 27-29 and 140; Exhibit 2.  Itkin Declaration, ¶ 28 and Exhibit 2. |
| 2.  Defendant failed to deliver the Missing Debtor Cars to the Plaintiff. | Complaint, ¶ 136-42. |
| 3.  Plaintiff is entitled to turnover of the Missing Debtor Cars or their equivalent value for the benefit of the Debtors' estates under Bankruptcy Code § 542(a). | Complaint, ¶ 142. |

**H.    Breach of Fiduciary Duties**

**1.    EIGHTY-FIRST CLAIM FOR RELIEF:  Breach of Fiduciary Duties to Debtors BI, BCYI and BYCOI**

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Defendant, as the chief executive officer, president, and a member of the board of directors of BCYI and BI, and as a general partner, shareholder, and director of BYCOI, had a fiduciary relationship with the Debtors. Defendant owed fiduciary duties to BCYI, BI, and BYCOI, and upon BCYI, BI, and BYCOI's insolvency, to the Debtors' creditors, including the duties of loyalty and care. | Complaint, ¶¶ 8, 425-26.<br><br>Motion at 22-23.<br><br>Itkin Declaration, ¶ 5. |
| 2.  The Defendant breached the fiduciary duties that he owed to BCYI, BI, and BYCOI by misappropriating corporate funds for his personal misuse through the fraudulent Transfers (defined in the Complaint to encompass all transfers made or caused to be made by the Defendant to himself and to third parties) and by destroying enterprise value as a result of his personal conduct to misappropriate assets of the Debtors. | Complaint, ¶¶ 25, 427-28 and *passim.* |
| 3.  Because the Defendant was ultimately responsible for overseeing the business operations and financial performance of BCYI, BI, and BYCOI, at all relevant times, he was aware of BCYI, BI, and BYCOI's financial condition. | Complaint, ¶ 429. |
| 4.  The Defendant knowingly acted against the interests of the Debtors in connection with the Transfers to, or for, himself and other parties in violation of BCYI, BI, and BYCOI's rights and obligations to their creditors. | Complaint, ¶ 429. |
| 5.  Defendant breached his fiduciary duties of care and loyalty to BCYI, BI, and BYCOI by using business resources for the benefit of himself and third parties in making the Transfers. | Complaint, ¶ 429-30. |
| 6.  The Defendant's breaches of such fiduciary duties proximately caused damage to the Debtors and their creditors as evidenced by the value of the Transfers made.  Debtors' creditors have not received the funds that they are entitled to receive. | Complaint, ¶ 430. |
| 7.  The Plaintiff is entitled to a judgment that the Defendant breached his fiduciary duties owed to the Debtors' estates resulting in damages totaling $12,067,886.22. | Complaint, ¶¶ 425-31. |

**I.    Accounting**

**1.    EIGHTY-SECOND CLAIM FOR RELIEF:  Accounting**

Given that any transfer avoided under 11 U.S.C. §§ 544, 548, or 549 is preserved for the benefit

of the bankruptcy estate, Defendant must turnover and account for the property transferred that are

property of the bankruptcy estates.  Therefore, an accounting of the income and expenses generated by the Postpetition Teacher Trainings is warranted at this time as supported by the uncontroverted facts set forth in the Complaint including, without limitation, the following averments in the Complaint:

| UNDISPUTED FACTUAL AVERMENT | SUPPORT |
|---|---|
| 1.  Plaintiff never received a formal accounting from the Defendant for revenues related to Postpetition Teacher Trainings despite Plaintiff's repeated demands to the Defendant. | Complaint, ¶¶ 19-20.<br><br>Itkin Declaration, ¶ 18. |
| 2.  The Defendant's failure to account for amounts due and owing has hampered the Plaintiff's ability to comply with her duties to marshal and distribute the assets of the estates and has prevented the Debtors' creditors from recovering amounts due and owing in connection with the Debtors' Bankruptcy Cases. | Complaint, ¶¶ 19 and 434.<br><br>Motion at 23:7-17.<br><br>Itkin Declaration, ¶ 18. |
| 3.  As a result of the Defendant's wrongful acts and omissions, the Plaintiff has been injured and is entitled to an equitable remedy of accounting on behalf of the Debtors' estates. | Complaint, ¶¶ 432-35. |

With the averments of the Complaint taken as true, default judgment is appropriate as there are no material facts in dispute.  More importantly, the Defendant has implicitly consented to the bankruptcy court's entry of final orders with respect to Plaintiff's fraudulent transfer claims through his failure to respond to the Complaint and entry of the default against him.  Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1947-48 (2015).  Further, as more fully discussed in the Motion, the factors enumerated in Eitel v. McCool, 782 F.2d, 1470. 1471-72 (9th Cir. 1986), have been satisfied.  Plaintiff has supported her allegations with ample evidence for each claim for relief stated in the Complaint as set forth in the Motion and as discussed below which Defendant has failed to challenge to date.

### III.   CONCLUSION

As demonstrated by the Complaint, Motion and this Supplement, each of the *Eitel* factors have been satisfied warranting the entry of a default judgment against the Debtor.  Default judgment should be entered in favor of the Plaintiff, as Trustee for the BYCOI Estate, and against the Defendant as follows:

a.   As to First and Fifth Claims for Relief for willful violations of the automatic stay under 11 U.S.C. §§ 105 and 362.

b.   As to the Second Claim for Relief for avoidance of constructive fraudulent transfer re: Postpetition Teacher Training Transfers under 11 U.S.C. § 549.

c.   As to the Sixth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Check Transfers totaling $595,791.00 under 11 U.S.C. §§ 544 and 548 and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

d.   As to the Ninth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Transfers to Cash totaling $313,952.00 under 11 U.S.C. §§ 544 and 548 and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

e.   As to the Twelfth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Car Collection Transfers totaling $4,013,841.00 under 11 U.S.C. §§ 544 and 548 and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

f.   As to the Thirteenth Claim for Relief for avoidance of Postpetition Car Collection Transfers under 11 U.S.C. §549.

g.   As to the Sixteenth Claim for Relief for avoidance of actual fraudulent transfer re: Debtor Car Transfers totaling $4,013,841.00 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code § 3439.04(a), 3439.07 and 3439.09.

h.   As to the Seventeenth Claim for Relief for conversion of the Missing Debtor Cars of the estates.  Plaintiff is entitled to damages in the amount equal to the fair market value of the Missing Debtor Cars.

i.   As to the Eighteenth Claim for Relief for turnover of the Missing Debtor Cars of the estates.

j.   As to the Nineteenth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Insurance Payment Transfers totaling $348,713.52 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

k.   As to the Twentieth Claim for Relief for avoidance of Postpetition Insurance Payment Transfers under 11 U.S.C. §549.

l.   As to the Twenty-third Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Toppington Transfers totaling $1,525,532.00 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

m.   As to the Twenty-fourth Claim for Relief for avoidance of Postpetition Toppington Transfers  under 11 U.S.C. §549.

n.   As to the Twenty-seventh Claim for Relief for avoidance of constructive fraudulent transfer re: Condo Transfers totaling $718,742.07 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

o.   As to the Thirtieth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Rent Transfers under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

p.   As to the Thirty-first Claim for Relief for avoidance of Postpetition Rent Transfers under 11 U.S.C. §§ 549.

q.   As to the Thirty-fourth Claim for Relief for avoidance of constructive fraudulent transfer re: Tuition Transfers totaling $366,440.65 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

r.   As to the Thirty-seventh Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Luxury Transfers totaling $2,304,365.93 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

s.   As to the Thirty-eighth Claim for Relief for avoidance of Postpetition Luxury Transfers under 11 U.S.C. § 549.

t.   As to the Forty-first Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Hotel Transfers under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

u.   As to the Forty-second Claim for Relief for avoidance of Postpetition Hotel Transfers under 11 U.S.C. § 549.

v.   As to the Forty-fifth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Nightlife Transfers totaling $56,966.59 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

w.   As to the Forty-sixth Claim for Relief for avoidance of Postpetition Nightlife Transfers under 11 U.S.C. § 549.

x.   As to the Forty-ninth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Phone Transfers under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

y.   As to the Fiftieth Claim for Relief for avoidance of Postpetition Phone Transfers under 11 U.S.C. § 549.

z.   As to the Fifty-third Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Nightlife Transfers totaling $328,312.49 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

aa.  As to the Fifty-fourth Claim for Relief for avoidance of Postpetition Mendez Transfers under 11 U.S.C. § 549.

bb.  As to the Fifty-seventh Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Shigenaga Transfers totaling $10,188.43 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

cc.  As to the Sixtieth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Shigenaga Rent Transfers totaling $24,552.72 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

dd.  As to the Sixty-third Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Cocojoor and Jadoo Transfers totaling $210,000.00 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

ee.  As to the Sixty-sixth Claim for Relief for avoidance of Postpetition Jadoo Transfers totaling $118,407.00 under 11 U.S.C. § 549.

ff.  As to the Sixty-ninth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Charitable Transfers totaling $399,249.49 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

gg.  As to the Seventy-second Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition Political Transfers totaling $53,250.00 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

hh.  As to the Seventy-fifth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition C-Link Transfers totaling $239,756.90 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

ii.  As to the Seventy-eighth Claim for Relief for avoidance of constructive fraudulent transfer re: Prepetition BYCOI Transfers totaling $439,824.43 under 11 U.S.C. §§ 544 and 548(a) and California Civil Code §§ 3439.04, 3439.05, 3439.07 and 3439.09.

jj.  As to the Eighty-first Claim for Relief for breach of fiduciary duties. Plaintiff is entitled to damages in the amount equal to value of the Transfers.

kk.  As to the Eighty-second Claim for Relief for an accounting. Defendant must provide an account to the Plaintiff of the Debtors' revenues from the Postpetition Teacher Training.

Based upon the foregoing and for all the reasons set forth in the Complaint, the Motion, this Supplement and supporting declarations that the operations of Debtor BYCOI is the source of the transferred funds, Plaintiff is entitled to:

(1) monetary judgment in favor of Plaintiff, as Trustee of the BYCOI Estate, and against Defendant in the sum of $12,067,886.22, itemized as follows:

| Claim for Relief No. | Claims for Relief | Judgment Amount Per Claim |
|---|---|---|
| 6th | Prepetition Check Transfers | $595,791.00 |

| | | |
|---|---|---|
| 9th | Prepetition Transfers to Cash | $313,952.00 |
| 12th | Prepetition Car Collection Transfers | $4,013,841.00 |
| 19th | Prepetition Insurance Payment Transfers | $348,713.52 |
| 23rd | Prepetition Toppington Transfers | $1,525,532.00 |
| 27th | Prepetition Condo Transfers | $718,742.07 |
| 34th | Prepetition Tuition Transfers | $366,440.65 |
| 37th | Prepetition Luxury Transfers | $2,304,365.93 |
| 45th | Prepetition Nightlife Transfers | $56,966.59 |
| 53rd | Prepetition Mendez Transfers | $328,312.49 |
| 57th | Prepetition Shigenaga Transfers | $10,188.43 |
| 60th | Prepetition Shigenaga Rent Transfers | $24,552.72 |
| 63rd | Prepetition Cocojoor and Jadoo Transfers | $210,000.00[11] |
| 66th | Postpetition Jadoo Transfers | $118,407.00 |
| 69th | Prepetition Charitable Transfers | $399,249.49 |
| 72nd | Prepetition Political Transfers | $53,250.00 |
| 75th | Prepetition C-Link Transfers | $239,756.90 |
| 78th | Prepetition BYCOI Transfers | $439,824.43 |
| | **TOTAL JUDGMENT:** | **$12,067,886.22** |

(2) costs in the sum of $70,920.13;

(3) attorneys' fees in the sum of $461,990.49 pursuant to Local Bankruptcy Rule 7055-1(b)(4)(B); and,

(4) judgment for accounting in favor of Plaintiff, as Trustee of the BYCOI Estate, and against Defendant, on the following Claims for Relief:

| Claims for Relief | Avoided Transfer |
|---|---|
| 2nd | Postpetition Teacher Training Transfers |
| 13th and 16th | Postpetition Car Collection Transfers |
| 20th | Postpetition Insurance Payment Transfers |
| 24th | Postpetition Toppington Transfers |
| 31st | Postpetition Rent Transfers |
| 38th | Postpetition Luxury Transfers |
| 42nd | Postpetition Hotel Transfers |
| 46th | Postpetition Nightlife Transfers |
| 50th | Postpetition Phone Transfers |
| 54th | Postpetition Mendez Transfers |

(5) Plaintiff is authorized to recover and preserve the properties transferred or the equivalent monetary value of such Transfers under Bankruptcy Code §§ 550 and 551, respectively.

---

[11] *See* footnote 9.

1

2    DATED:  January 5, 2022                SKLAR KIRSH, LLP

3

4                                           By:        */s/ Lovee D. Sarenas*
                                                  _____
5                                                 LOVEE D. SARENAS
                                                  Counsel to Plaintiff Robbin L. Itkin
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

SKLAR KIRSH, LLP, 1880 Century Park East, Suite 300, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled: **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST BIKRAM CHOUDHURY UNDER LOCAL BANKRUPTCY RULE 7055-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 7, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **January 7, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 7, 2022 | MAYRA DURAN | /s/ Mayra Duran |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Robbin L Itkin (TR)
ritkin@sklarkirsh.com, cbullock@sklarkirsh.com

David M Riley on behalf of Plaintiff Robbin L Itkin
david.riley@morganlewis.com, davidzriley@gmail.com

Lovee D Sarenas on behalf of Plaintiff Robbin L Itkin
lsarenas@sklarkirsh.com, mduran@sklarkirsh.com

Lovee D Sarenas on behalf of Trustee Robbin L Itkin (TR)
lsarenas@sklarkirsh.com, mduran@sklarkirsh.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov


**2.  SERVED BY UNITED STATES MAIL**:

Bikram Choudhury
3172 Toppington Dr.
Beverly Hills, CA 90210

Bikram HotYoga Co. Ltd
Unit C 4/F China Insurance Building
48 Cameron Rd.
Tsim Sha Tsui, Kowloon
HONG KONG

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**